**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS JAMES VICTORIAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BRENDA CASH, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | NO. CV 07-5514 JVS (FMO) <br><br> **ORDER ADOPTING FINDINGS,** <br> **CONCLUSIONS AND RECOMMENDATIONS** <br> **OF UNITED STATES MAGISTRATE JUDGE** |

**INTRODUCTION**

On August 23, 2007, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, raising four claims for habeas corpus relief. (Petition at 5-6a). On December 12, 2007, respondent filed an Answer to the Petition ("Return"), addressing petitioner's four habeas claims. (Return at 14-47). On February 11, 2008, petitioner filed a Reply addressing his four claims for habeas corpus relief. (Reply at 1-9).

On February 28, 2011, the United States Magistrate Judge issued a Report and Recommendation recommending denying the Petition's four claims with prejudice. On April 14, 2011, petitioner filed Objections to the Report and Recommendation ("Objections").

In his Objections, petitioner argues that in addition to the four grounds addressed in the Report and Recommendation, the documents attached to his Petition raised a fifth ground for

habeas corpus relief: "The trial court's amplification on the concept of reasonable doubt during jury selection was reversible error" because the trial court instructed the jury to use common sense in making its decisions.  (See Objections at 34-37; see also Petition, Exh. A at 35-42).

Although it is procedurally improper to raise a new claim in Objections to a Report and Recommendation, see Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988), overruled on other grounds, United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) (en banc) (per curiam), cert. denied, 507 U.S. 978 (1993), the Court will nevertheless address the claim petitioner now refers to as Ground Five.[1]

## DISCUSSION

A.   Relevant Background.

During jury selection, the trial court told the prospective jurors:

> Each person will have something vital to contribute to these discussions that make up the deliberation process.  Ultimately it isn't a majority vote.  Each member will vote the way he or she believes is proper.  You are asked not to reach your final conclusion until you have had a chance not only to hear everything out here in the courtroom, but then to hear what your fellow jurors think and then you make up your own mind based on evidence and law.
>
> It is not based on emotion.  You might decide that [petitioner] is the most charming gentleman you have ever met.  That has nothing to do with it.  He is not here to be judged in terms of goodness or badness, but only whether or not there is evidence to establish beyond a reasonable doubt that he committed one or more of these crimes.  You may decide that a witness

---

[1] Since petitioner did not raise Ground Five in his petition for review to the California Supreme Court, (Petition, Exh. B), and petitioner did not seek habeas corpus review in the state courts, (Petition at 3), it appears petitioner has not exhausted Ground Five.  Nevertheless, the Court will address Ground Five on the merits.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

|   |   |
|---|---|
| 1 | is very likeable or very unlikeable.  That may not have anything to do with |
| 2 | credibility. |
| 3 | You are going to judge whether or not the testimony is reliable. |
| 4 | Whether it makes sense.  Whether it is reasonable.  ***You are going to do*** |
| 5 | ***probably what you do regularly in your normal lives, which is to take in*** |
| 6 | ***information, assess it using common sense and then make decisions***. |
| 7 | There is nothing magical about your jobs here. |

(Supplemental Reporter's Transcript ("SRT") at 312-13) (emphasis added).

      B.      <u>The Court of Appeal's Opinion</u>.

The California Court of Appeal summarily rejected petitioner's claim, stating:

> Here, the trial court did not instruct the jury that reasonable doubt was to be determined the same way jurors made other decisions in their normal lives, assessing the question using common sense.  It instructed the jury to judge the reliability of the testimony by this standard. Instructing the jury to assess the reliability and significance of the evidence using a common sense standard is permissible.  Hence, the trial court did not impermissibly lower the prosecution's burden of proof with its introductory instruction.

(Opinion at 20-21) (citation omitted).

      C.      <u>Applicable Federal Law</u>.

A faulty jury instruction will constitute a violation of due process only where the instruction by itself so infected the entire trial that the resulting conviction violates due process. <u>Middleton v. McNeil</u> (<u>McNeil</u>), 541 U.S. 433, 437, 124 S.Ct. 1830, 1832 (2004); <u>Estelle v. McGuire</u> (<u>McGuire</u>), 502 U.S. 62, 71-72, 112 S.Ct. 475, 482 (1991).  The instruction must be more than merely erroneous; rather, petitioner must show there was a "reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." <u>McNeil</u>, 541 U.S. at 437, 124 S.Ct. at 1832 (internal quotation marks and citations omitted); <u>Boyde v. California</u>, 494 U.S. 370, 380, 110 S.Ct. 1190, 1198 (1990); <u>see</u> <u>also</u> <u>Cupp v. Naughten</u> (<u>Naughten</u>), 414 U.S. 141, 146, 94 S.Ct. 396, 400 (1973) ("Before a federal court may overturn a conviction resulting from

3

a state trial in which [an allegedly faulty] instruction was used, it must be established not merely that the instruction is undesirable, erroneous or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment."). Further, "[i]t is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." McGuire, 502 U.S. at 72, 112 S.Ct. at 482 (citation omitted); Naughten, 414 U.S. at 146-47, 94 S.Ct. at 400.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073 (1970); Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 1242 (1994); Francis v. Franklin, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970 (1985). "The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." Victor, 511 U.S. at 5, 114 S.Ct. at 1243. So long as the trial court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the Constitution does not require that any form of words be used in advising the jury of the government's burden of proof. Victor, 511 U.S. at 5, 114 S.Ct. at 1243; Mejia v. Garcia, 534 F.3d 1036, 1043 (9th Cir. 2008), cert. denied, 129 S. Ct. 941 (2009); Lisenbee v. Henry, 166 F.3d 997, 999 (9th Cir.), cert. denied, 528 U.S. 829 (1999). Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury. Victor, 511 U.S. at 5, 114 S.Ct. at 1243; Mejia, 534 F.3d at 1043. The proper inquiry is "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." Victor, 511 U.S. at 6, 114 S.Ct. at 1243 (italics in original); Lisenbee, 166 F.3d at 999.

D. **Analysis**.

Here, the trial court properly instructed the jury under CALJIC 2.90 on the presumption of innocence, the definition of reasonable doubt, and the prosecution's burden of proof, as follows:

> A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is

4

>satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt. [¶] Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case, which after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.

(Clerk's Transcript ("CT") 146; Reporter's Transcript ("RT") 330-31) (brackets omitted). This instruction correctly defines reasonable doubt in a manner that satisfies due process. See Victor, 511 U.S. at 14-15, 114 S.Ct. at 1247; Lisenbee, 166 F.3d at 999-1000.

Nevertheless, petitioner complains that the trial court's statement that jurors "are going to do probably what [they] do regularly in [their] normal lives, which is to take in information, assess it using common sense and then make decisions" served to reduce the prosecution's burden of proof. (Petition, Exh. A at 40-41; Objections at 35-37). Petitioner's argument is without merit. The trial court's statement addressed the manner in which the jurors should approach their jobs as jurors, not the reasonable doubt standard, (SRT 312-13), which the trial court correctly defined for the jury.[2] CT 146; RT 330-31; see also Victor, 511 U.S. at 14-15, 114 S.Ct. at 1247; Lisenbee, 166 F.3d at 999-1000; Garrett v. Uribe, 2010 WL 2854301, at *11 (C.D. Cal.), report and recommendation adopted by 2010 WL 2891533 (C.D. Cal. 2010) (no due process violation when trial court properly instructed jury on reasonable doubt standard and trial court's comments on common sense did not equate reasonable doubt with common sense but instead merely attempted to distinguish possible doubt and reasonable doubt). Accordingly, the state court's

---

[2] In any event, the Ninth Circuit has repeatedly found no error when a jury was instructed that "[a] reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation." United States v. Ruiz, 462 F.3d 1082, 1087 (9th Cir. 2006); see United States v. Nelson, 66 F.3d 1036, 1045 (9th Cir. 1995); United States v. Velasquez, 980 F.2d 1275, 1278 (9th Cir. 1992), cert. denied, 508 U.S. 979 (1993); United States v. Garza, 980 F.2d 546, 555 (9th Cir. 1992).

5

denial of Ground Five was not contrary to, or an unreasonable application of, clearly established federal law, and did not involve an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).

Petitioner's remaining objections simply reargue issues addressed in the Report and Recommendation, (see Objections at 1-34), and are rejected for the reasons set forth in the Report and Recommendation.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: September 8, 2011

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE